UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14CV673

| | |
|---|---|
| TINA L. BOYD, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CAROLYN W. COLVIN, Acting Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the

Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Factual Background

In rendering his decision, the ALJ found that Ms. Boyd had not engaged in substantial gainful activity since May 2, 2009, the date she alleges her disability began. (Tr. 40). The ALJ also found that Ms. Boyd suffered from Crohn's disease, fibromyalgia, obesity, adjustment disorder, and panic disorder without agoraphobia, which were severe impairments within the meaning of the regulations but did not meet or medically equal any listing in 20 C.F.R. part 404, subpart P, app. 1. (Tr. 41-43). The ALJ specifically found that the Plaintiff had mild restrictions in activities of daily living and social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 42).

The ALJ then determined that Ms. Boyd had the residual functional capacity ("RFC") to work at the light exertional level. (Tr. 43). However, the ALJ found that Ms. Boyd had additional non- exertional limitations, and therefore limited Ms. Boyd to work involving: occasional balancing, stooping, kneeling, crouching, and crawling; occasional overhead reaching; frequent forward and lateral reaching with no limitation on handling, fingering, and feeling; and "simple, routine and repetitive tasks; and work changes should be infrequent." (Tr. 43).

The ALJ then found that Ms. Boyd could no longer perform her past relevant work as a housekeeper. (Tr. 49). The ALJ found, based on testimony from a vocational expert, that Ms. Boyd could perform jobs that existed in significant numbers in the economy, given her age, education, work experience, and residual functional capacity. (Tr. 50). Therefore, the ALJ found that Ms. Boyd was not disabled under the Act. (Tr. 50-51).

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## IV. Discussion

Plaintiff argues, *inter alia*, that the ALJ failed to conduct a proper function-by-function analysis and that his RFC evaluation was insufficient to account for her moderate limitations in concentration, persistence, or pace.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.*

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. *See* 20 C.F.R. §§404.1512(c) & 416.912(c); *see also*, *e*.g., *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); *Plummer v. Astrue*, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her

RFC") (citing *Stormo*), *adopted*, 2012 WL 1858844 (May 22, 2102), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In *Mascio*, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). *See also* SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." *Id*.

Applying those legal principles to the record here, the undersigned concludes that this matter should be remanded for a new hearing. In his formulation of Plaintiff's RFC, the ALJ accounted for her moderate difficulties in maintaining concentration, persistence or pace, if at all, with a limitation to "simple, routine and repetitive tasks" with infrequent work changes (Tr. 43). Even if supported by substantial evidence, a limitation to simple tasks or instructions does not "account for a limitation in concentration, persistence or pace." *Id.* As in *Mascio,* "[p]erhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace … does not translate into a limitation in [her] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." *Id.*

**IT IS, THEREFORE, ORDERED** that

(1) the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**;

(2) the Commissioner's Motion for Summary Judgment (Doc. No. 15) is **DENIED**;

(3) the Commissioner's decision is **REVERSED**; and

(4) this matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

Signed: October 14, 2015

Graham C. Mullen
United States District Judge