IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:14-cv-673

| | |
|---|---|
| TINA L. BOYD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| NANCY A. BERRYHILL[1], | ) |
| ACTING COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
| DEFENDANT. | ) |

## **ORDER**

This matter is before the Court on the motion for attorneys' fees filed by plaintiff's counsel, George C Piemonte, on April 20, 2018. Defendant filed a response neither supporting nor opposing the Motion, but instead stating that under *Gisbrecht v. Barnhart*, 535 U.S, 789 (2002), it is the duty of the Court to determine a reasonable fee.

Pursuant to 42 U.S.C. §406(b), whenever the court renders a judgment favorable to a claimant, it may award attorney fees not to exceed 25% of past-due benefits. In the instant case, the fee agreement between the plaintiff and counsel provides for a contingency fee of 25% of past-due benefits. In these circumstances, the reviewing court does not calculate a lodestar amount; it simply reviews the fee claimed for reasonableness. *See Mudd v. Barnhardt*, 418 F.3d 424, 427-28 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 801, 808).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was awarded $100,880.56 in past-due benefits at the administrative level after this court entered judgment. Plaintiff's counsel requests a fee of $19,220.14, which, when considered with prior fees awarded to counsel, represents 25% of the total award. The Court has reviewed the amount requested by counsel and finds it to be reasonable in light of the fee agreement and amount of work expended by counsel. The fee is in line with the results achieved, and there is no indication that counsel caused unnecessary delay or that "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808.

Accordingly, counsel's motion is ALLOWED. The Social Security Administration shall release the sum of $19,220.14 to plaintiff's counsel as attorney's fees for services rendered before this court. Plaintiff's counsel shall refund to the Plaintiff the amount of $5,000.00 previously awarded and paid to plaintiff's counsel pursuant to the Equal Access to Justice Act.

SO ORDERED

Signed: July 2, 2018

Graham C. Mullen
United States District Judge